## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**KENT CLARK,**
    **Petitioner,**

v.                                               **Civil Action No. 3:18-CV-93**
                                                                  **(GROH)**

**JENNIFER SAAD, Warden,**
    **Respondent**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 11, 2018, the *pro se* Petitioner, an inmate at Gilmer FCI in Glenville, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. ECF No. 1.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

### II.     FACTUAL AND PROCEDURAL HISTORY[1]

### A.     Conviction and Sentence

In 1990, Petitioner was convicted in the United States District Court, District of New Jersey, for his involvement, with a co-defendant, in the kidnapping and restraint of

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:90-CR-12 in the United States District Court for the District of New Jersey, available on PACER. Due to the age of the case and the unavailability of certain pleadings on PACER, some facts are also taken from various reported and unreported court decisions which are available on Westlaw. Unless otherwise noted, the ECF entries in Sections II.A., II.B., and II.C. refer to that District of New Jersey criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

a mail carrier at gun point, entering the house of a local bank manager, raping the manager's daughter, handcuffing the manager's 85-year old mother and his daughter, and calling the manager at work and demanding a $200,000.00 ransom for their release. Clark v. Warden, FCI Fairton, 2017 WL 4679451 (D.N.J. October 17, 2017). On February 7, 1991, Petitioner was sentenced to a life-term in prison, plus five years. His conviction was affirmed on appeal.

      **B.**     **Motions to Vacate Pursuant to § 2255**

In June 1998, Petitioner moved to vacate his conviction pursuant to 28 U.S.C. § 2255, and the motion was denied. The Third Circuit Court of Appeals denied a certificate of appealability by order dated November 23, 1999, in that court's docket 99-5054.

On March 1, 2001, the Third Circuit again denied a certificate of appealability in that court's docket 01-1141.

On November 21, 2003, the district court construed three documents submitted by Petitioner as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. 2017 WL 4679451 at *1. Therein, Petitioner raised ten grounds for relief from his conviction. Id. On January 29, 2004, the court dismissed the action because Petitioner failed to get permission from the Third Circuit Court of Appeals to bring a second or successive petition. Id., and D.N.J. 2:98-CR-3887, ECF No. 19. A petition for certiorari was denied by the Supreme Court on March 28, 2005. D.N.J. 2:98-CR-3887, ECF No. 24.

On August 7, 2017, Petitioner, while then confined in FCI Fairton, in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 which asserted that 28 U.S.C. § 2255 was inadequate or ineffective to test the

2

legality of his detention, that he had newly discovered evidence of actual innocence, and that there was a change in the law and that he was "actually innocent by virtue of the fact that the DNA does not link me to the crime." 2017 WL 4679451 at * 1; D.N.J. 1:17-CV-5791, ECF No. 1 at 3, 5. On October 17, 2017, the district court construed the § 2241 petition as a motion under § 2255 and transferred the matter to the Third Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 2255(h)(1). 2017 WL 4679451 at *2. On March 5, 2018, the Third Circuit, in that court's case number 17-3291, denied Petitioner's application for leave to file a second or successive motion under § 2255.

### C. Other Attempts to Obtain Post-Conviction Relief

Among other attempts to obtain post-conviction relief, Petitioner also filed a motion to dismiss the indictment on August 15, 2016. ECF No.4. By order entered July 12, 2018, the court denied the motion to dismiss. ECF No. 8.

Petitioner next filed a motion to reduce sentence under the First Step Act, on May 28, 2019. ECF No. 9. That motion remains pending.

On August 22, 2019, Petitioner filed a motion to vacate in the District of New Jersey, case number 2:19-CV-17214. That motion and action remain pending.

On November 19, 2019, Petitioner filed another motion to vacate in the District of New Jersey, case number 2:19-CV-20520. That motion and action remain pending.

### D. Instant § 2241 Petition

Petitioner challenges his conviction, claiming that he is actually innocent and that DNA and fingerprint evidence will exonerate him of his underlying conviction, and further alleges that perjured testimony was used to convict him. ECF No. 1 at 5 – 6.

Petitioner also claims that he was "illegally sentenced" and that his "28 years of incarceration [are] illegal." Id. at 9, ECF No. 1-1 at 3.

Petitioner asks that this Court "Order that a DNA test be administ[ered] and compared to the samples produced at trial", vacate his sentence and "immediately release" Petitioner. ECF No. 1 at 8. Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "the denial of his multiple attempts of relief, with no reason for the denial, is due to said information being beneficial to the Petitioner. Adequate and relevant case law was not available at the time of sentencing." Id. at 9.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."

Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

  **C.**  **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

7

>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

### IV. ANALYSIS

Petitioner characterizes his two grounds for relief as challenges to his conviction. ECF No. 1 at 1. First, he claims that he is "actually innocent", which appears to challenge his conviction. ECF No. 1 at 5. Second, he claims that he has been illegally detained. ECF No. 1 at 6. Although asserted as a challenge to his conviction, this may also be deemed a challenge to his sentence.

In order to proceed pursuant to § 2241, a petitioner bears the burden of satisfying the savings clause by demonstrating that the § 2255 remedy is inadequate or ineffective. The Fourth Circuit has established two different standards for satisfying the savings clause, depending upon whether a Petitioner challenges his conviction or sentence. A Petitioner who challenges both his conviction and sentence must meet both tests.

8

Petitioner challenges his conviction and the sentence and incarceration resulting therefrom on the basis of actual innocence and alleges that DNA, fingerprint and eyewitness evidence, combined with the exclusion of unreliable witness testimony, will exonerate him.  ECF No. 1 at 5.  Petitioner directly appealed his conviction and sentence, and the Third Circuit affirmed.  Thereafter, Petitioner filed a series of motions under § 2255 in District of New Jersey, and sought certificates of appealability in the Third Circuit.  As Petitioner acknowledges, he has repeatedly been denied relief under §§ 2241 and 2255.  Petitioner argues broadly that he cannot meet the gate-keeping requirements of § 2255 because "adequate and relevant case law was not available at the time of sentencing," but fails to identify that case law or to explain how or why he cannot meet the gatekeeping requirements.  ECF No. 1 at 9.  Further, Petitioner fails to otherwise address the savings clause.  Notwithstanding those failures, it is clear that Petitioner is not entitled to application of the savings clause.

### A.    Petitioner's Challenge to the Legality of his Conviction.

Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Petitioner is unable to meet the three-part Jones test which is required to successfully challenge his conviction.  Even if Petitioner were to meet the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crimes for which he was convicted—kidnapping, burglary and sexual assault—remain criminal offenses.  Thus, Petitioner is unable to demonstrate that the conduct which he was convicted of committing is no longer criminal.  Because Petitioner cannot meet the second prong of Jones, this Court need not address the first and third prong of the test.

### B. Petitioner's Challenge to the Legality of his Sentence

To the extent that Petitioner challenges his sentence, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents

> an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Regardless of whether he meets the other three prongs of Wheeler, Petitioner has not demonstrated that there has been any change of substantive law which entitles him to relief which was deemed to apply retroactively on collateral review, as mandated by the second prong of Wheeler.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

In summary, because Petitioner cannot meet the second prong of the Jones test, he cannot satisfy the savings clause of § 2255(e) to challenge his conviction under § 2241. Similarly, because Petitioner fails to meet the second prong of the Wheeler test, he cannot satisfy the savings clause of § 2255(e) under Wheeler, to challenge his sentence under § 2241.

## V. RECOMMENDATION

Because Petitioner fails to meet either the Jones or the Wheeler test, it is **RECOMMENDED** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 10, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE